IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ISAAM ISAAC, | ) | CIVIL NO. 16-00507 DKW-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | GRANT IN PART AND DENY IN PART |
| vs. | ) | PLAINTIFF'S MOTION FOR DEFAULT |
| | ) | JUDGMENT AS TO COUNT I OF THE |
| ARI DANIELS, JERRY KMIEC, AND | ) | FIRST AMENDED COMPLAINT |
| DOE DEFENDANTS 3-10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT AS TO COUNT I OF THE FIRST AMENDED COMPLAINT[1]

Before the Court is Plaintiff's Motion for Default

Judgment as to Count I of the First Amended Complaint, filed on

June 9, 2017 ("Motion"). ECF No. 27. The Court found the Motion

suitable for disposition without a hearing pursuant to Rule

7.2(d) of the Local Rules of Practice of the United States

District Court for the District of Hawaii. ECF No. 29. After

careful consideration of the Motion, the declarations, exhibits,

and the record established in this action, the Court FINDS AND

RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART.

/ / /

---

[1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1), file written objections in the United
States District Court. A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation. If no
objections are filed, no appellate review will be allowed.

<u>BACKGROUND</u>

Plaintiff, a Hawaii resident, has been engaged in multiple tourism businesses, including World Discovered, LLC, World Discovered Pacific, LLC, and Waikiki Segway, LLC. ECF No. 27-3, Decl. of Isaam Isaac, ¶¶ 2, 15-19. Defendant Ari Daniels, a Nevada resident, ran a business that contracted with World Discovered, LLC to provide travel services. ECF No. 15, First Amended Complaint, ¶ 2; ECF No. 27-3, ¶¶ 13, 15. However, World Discovered, LLC terminated the contract with Mr. Daniels' company and entered into a contract with another company for similar services. <u>Id.</u> ¶¶ 17, 19.

In August 2016, Mr. Daniels and Defendant Jerry Kmiec created a website that contained a number of false statements about Plaintiff, Plaintiff's businesses, and the company that Plaintiff's businesses contracted with. ECF No. 15 ¶¶ 7-15; ECF No. 27-4. The website stated that Plaintiff committed a number of crimes, that Plaintiff was residing illegally in the United States, and that Plaintiff's businesses were scamming tourists. ECF No. 27-3. ¶¶ 4-8; ECF No. 27-4. It included a map pinpointing Plaintiff's residence and an image of Plaintiff's Hawaii driver's license. ECF No. 27-3 ¶¶ 7, 11; ECF No. 27-4. Defendants knew that the statements in the website were false, and Plaintiff has been injured by the false statements. ECF No. 15 ¶¶ 17, 18; ECF No. 27-1 at 8-10. The website was published to the public and available to anyone with internet access. ECF No.

27-1 at 12.  Plaintiff's acquaintances viewed the website and informed Plaintiff about its existence.  ECF No. 15 ¶ 3.

In October 2016, an individual appeared outside of World Discovered Pacific, LLC's offices in Honolulu and handed out flyers stating that World Discovered Pacific, LLC was selling fraudulent vacation packages and stealing thousands of dollars from tourists.  ECF No. 27-1 at 7-8; ECF No. 27-3 ¶¶ 20-21; ECF No. 27-10.  The individual was given the flyers from Mr. Daniels and was hired by Mr. Daniels to distribute them.  ECF No. 27-3 ¶ 20; ECF No. 27-11.

On February 7, 2017, Plaintiff filed his First Amended Complaint, asserting claims against Mr. Daniels and Mr. Kmiec for defamation, extortion, negligent infliction of emotional distress, and intentional infliction of emotional distress.  ECF No. 15.  Mr. Kmiec was personally served in Las Vegas, Nevada on February 26, 2017.  ECF No. 19-2.  Jon Ledo, an individual that Plaintiff alleges is Mr. Daniels's agent, was served by certified mail in Las Vegas, Nevada on March 25, 2017.  ECF No. 19-2.  Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk entered default against Mr. Kmiec on March 30, 2017, and against Mr. Daniels on April 21, 2017.  ECF Nos. 20, 24.  On June 9, 2017, Plaintiff filed the instant Motion, seeking default judgment against Mr. Daniels and Mr. Kmiec on his claim for defamation.

/ / /

## DISCUSSION

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right. Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The court should consider the following factors in deciding whether to grant a motion for default judgment:

>     (1)   the possibility of prejudice to the
>           plaintiff;
>
>     (2)   the merits of plaintiff's substantive
>           claim;
>
>     (3)   the sufficiency of the complaint;
>
>     (4)   the sum of money at stake in the action;
>
>     (5)   the possibility of a dispute concerning
>           material facts;
>
>     (6)   whether the default was due to excusable
>           neglect; and
>
>     (7)   the strong policy underlying the Federal
>           Rules of Civil Procedure favoring
>           decisions on the merits.

4

Id. at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which it is entitled. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

**I.   Request for Default Judgment Against Defendant Daniels**

Before considering the merits of Plaintiff's motion for default judgment against Mr. Daniels, the Court has an affirmative obligation to determine whether it has jurisdiction. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). Default judgment is not proper "if the court lack[s]

5

jurisdiction over the defendant[] due to insufficient service of process." <u>United States v. 4268 Los Angeles Ave. Simi Valley California 93063</u>, 672 F. App'x 770 (9th Cir. 2017). Under the Federal Rules of Civil Procedure, service of process is sufficient if it complies with state law for serving a summons in the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Hawaii law permits service of a summons by registered or certified mail when the defendant is unknown or resides outside of Hawaii only when authorized by a court order. <u>See</u> Haw. Rev. Stat. §§ 634-23, 634-24; <u>see also</u> <u>Sommers v. Okamoto</u>, No. CV 16-558 JMS-KJM, 2017 WL 393612, at *3 (D. Haw. Jan. 5, 2017), <u>adopted</u> <u>by</u>, No. CV 16-00558 JMS-KJM, 2017 WL 393597 (D. Haw. Jan. 27, 2017) (discussing Section 634-24 and explaining that "this method of service is only proper when authorized by court order").

Here, Jon Ledo, an individual Plaintiff alleges is Mr. Daniels's agent,[2] was served with the Complaint by certified mail in Las Vegas, Nevada on March 25, 2017. ECF No. 19-2. However, Plaintiff did not seek or obtain an order from this Court authorizing service by mail. Accordingly, the Court FINDS that

---

[2] Federal Rule of Civil Procedure 4 permits service on a defendant's "agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(c). Here, although Plaintiff alleges generally that Mr. Ledo is Mr. Daniel's agent, there is no indication that Mr. Ledo was authorized to receive Mr. Daniels's service of process.

service of process was improper as to Mr. Daniels.  The Court
RECOMMENDS that the district court DENY Plaintiff's request for
default judgment against Mr. Daniels and VACATE the entry of
default against Mr. Daniels.  See ECF No. 24.

## II.  Request for Default Judgment Against Defendant Kmiec

### A.  Jurisdiction

As discussed above, the Court has an affirmative
obligation to determine whether or not it has subject matter
jurisdiction over this action and personal jurisdiction over the
defendants.  See In re Tuli, 172 F.3d 707 at 712.

#### 1. Subject Matter Jurisdiction

Plaintiff is a resident of Honolulu, Hawaii.  ECF No.
1, Compl., ¶ 1.  Mr. Kmiec is a resident of Las Vegas, Nevada.
ECF No. 15 ¶¶ 2, 3.  Plaintiff seeks "damages of $1,420,100, plus
attorneys' fees and costs."  ECF No. 27-1 at 15; see also ECF No.
15 ¶ 5.  Because Plaintiff is a citizen of Hawaii and Mr. Kmiec
is a citizen of a foreign state and the amount in controversy
exceeds $75,000.00, this Court has diversity jurisdiction over
this matter.  See 28 U.S.C. § 1332(a)(2).

#### 2. Personal Jurisdiction

Personal jurisdiction is proper if it is consistent
with Hawaii's long-arm statute and it comports with due process
of law.  Boschetto v. Hansing, 539 F.3d 1011, 1021-22 (9th Cir.

2008).  Because Hawaii's long-arm statute reaches to the full

extent permitted by the United States Constitution, the Court

need only determine whether due process permits the exercise of

personal jurisdiction.  Television Events & Mktg., Inc. v. Amcon

Distrib. Co., 416 F. Supp. 2d 948, 958 (D. Haw. 2006) (citing

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01

(9th Cir. 2004)); Haw. Rev. Stat. § 634-35.

        For due process to be satisfied, a defendant must have

"minimum contacts" with the forum state such that the assertion

of jurisdiction "does not offend traditional notions of fair play

and substantial justice."  Pebble Beach Co. v. Caddy, 453 F.3d

1151, 1155 (9th Cir. 2006) (citing Int'l Shoe Co. v. Wash., 326

U.S. 310, 315 (1945)).  Here, the Court must determine whether it

has specific jurisdiction over Mr. Kmiec.  Specific jurisdiction

exists if (a) the defendant has performed some act or consummated

some transaction within the forum or otherwise purposefully

availed himself of the privileges of conducting activities in the

forum; (b) the claim arises out of or results from the

defendant's forum related activities; and (c) the exercise of

jurisdiction is reasonable.  Boschetto, 539 F.3d at 1021.

        **a. Purposeful Availment**

        First, the purposeful availment requirement is

satisfied if the defendant "has taken deliberate action" toward

the forum state.  Panavision Int'l, L.P. v. Toeppen, 141 F.3d

1316, 1320 (9th Cir. 1998) (citing <u>Ballard v. Savage</u>, 65 F.3d 1495, 1498 (9th Cir. 1995)).  It is not required that a defendant have physical contacts with the forum, so long as his efforts are "purposefully directed" toward forum residents.  <u>Id.</u>  The purposeful availment requirement can be satisfied by the "effects doctrine."  <u>Id.</u> at 1321.  Under this doctrine, a court has personal jursidciton over the defendant if the defendant: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  <u>Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme</u>, 433 F.3d 1199, 1206 (9th Cir. 2006) (quoting <u>Schwarzenegger</u>, 374 F.3d at 803) (internal quotations omitted)).

Here, Plaintiff asserts that Mr. Kmiec intentionally created a defamatory website about Plaintiff's Hawaii business, which harmed Plaintiff in Hawaii.  ECF No. 15 ¶¶ 11-17; <u>see</u> ECF No. 19 at 6-7.  Plaintiff asserts that Mr. Kmiec knew that Plaintiff was a resident of Hawaii because the website expressly references Hawaii and includes a map pinpointing Plaintiff's residence in Hawaii, as well as an image of Plaintiff's Hawaii driver's license.   <u>See</u> ECF No. 27-3 ¶¶ 7, 11.  Plaintiff contends that he suffered harm in Hawaii, which was Mr. Kmiec's intention.  ECF No. 15 ¶¶ 17-19; ECF No. 27-3 ¶ 24.  The Court concludes that Mr. Kmiec's contacts with Hawaii are sufficient to

show purposeful availment under the effects doctrine.

### b. Claims Arise Out of Forum-Related Activities

Second, for specific personal jurisdiction, the claim asserted in the litigation must arise out of the defendant's forum-related activities. Panavision, Int'l, 141 F.3d at 1322 (citing Ziegler v. Indian River Cnty., 64 F.3d 470, 474 (1995)). Plaintiff must show that he would not have been injured "but for" Defendant's conduct directed toward forum. Id. Here, as noted above, Mr. Kmiec's contact with Hawaii is the creation of a defamatory website directed to Plaintiff's potential customers in Hawaii. If not for Mr. Kmiec's conduct, Plaintiff would not have been injured. Accordingly, the Court concludes that the second requirement for specific personal jurisdiction is met.

### c. Reasonableness of Exercise of Jurisdiction

Finally, to satisfy due process, the exercise of personal jurisdiction must be reasonable. Id. (citing Ziegler, 64 F.3d at 474-75). For jurisdiction to be reasonable, it must comport with "fair play and substantial justice." Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-77 (1985)). Where, such as here, a defendant purposefully avails himself of the forum state, jurisdiction is presumed to be reasonable, and the presumption "can only be overcome by a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Caruth v. Int'l Psychoanalytical

<u>Ass'n</u>, 59 F.3d 126, 128 (9th Cir. 1995).

To determine reasonableness, the Court must balance seven factors: (1) the extent of a defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. <u>Core-Vent Corp.</u>, 11 F.3d at 1487-88 (citing <u>Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K.</u>, 757 F.2d 1058, 1065 (9th Cir. 1985)). Here, these factors weigh in favor of finding that the exercise of jurisdiction over Mr. Kmiec comports with the notions of fair play and substantial justice.

First, the degree of Mr. Kmiec's interjection weighs in favor of finding jurisdiction. Mr. Kmiec's acts were aimed at Plaintiff in Hawaii. Mr. Kmiec created a defamatory website about Plaintiff's business in Hawaii, intending to harm Plaintiff in Hawaii. Therefore, the extent of Mr. Kmiec's purposeful injection into Hawaii affairs weighs in favor of the Court's exercise of personal jurisdiction.

Second, the burden on an out-of-state defendant to litigate in the Plaintiff's chosen forum "necessarily weighs against the exercise of specific personal jurisdiction." <u>Moore</u>

11

v. Gulf Atl. Packaging Corp., No. 3:16-CV-886-PK, 2016 WL

8231142, at *9 (D. Or. Nov. 29, 2016), adopted by, No.

3:16-CV-00886-PK, 2017 WL 540051 (D. Or. Feb. 9, 2017).  Here,

Mr. Kmiec lives in Nevada and would be inconvenienced at having

to defend this action in Hawaii.  However, the inconvenience is

not so great as to deprive him of due process, particularly given

his purposeful availment to the forum.  See Panavision Int'l, 141

F.3d at 1323 (quoting Caruth v. Int'l Psychoanalytical Ass'n, 59

F.3d 126, 128-29 (9th Cir. 1995) ("A defendant's burden in

litigating in the forum is a factor in the assessment of

reasonableness, but unless the 'inconvenience is so great as to

constitute a deprivation of due process, it will not overcome

clear justifications for the exercise of jurisdiction.'")).

Third, the sovereignty factor concerns the extent to

which the court's exercise of jurisdiction in Hawaii would

conflict with the sovereignty of Nevada.  See Harris Rutsky & Co.

Ins. Servs. v. Bell & Clements Ltd., 328 F.3d 1122, 1133 (9th

Cir. 2003); Core-Vent Corp., 11 F.3d at 1489.  However,

"sovereignty of the defendant's state is not a significant

consideration in actions between citizens of the United States."

Robinson Corp. v. Auto-Owners Ins. Co., 304 F. Supp. 2d 1232,

1241 (D. Haw. 2003) (citing Decker Coal Co. v. Commonwealth

Edison Co., 805 F.2d 834, 841 (9th Cir. 1986)); see also Brand v.

Menlove Dodge, 796 F.2d 1070, 1076 n.5 (9th Cir. 1986) (stating

that "conflicting policies between states are settled through

choice of law analysis, not through loss of jurisdiction"). The sovereignty factor is neutral.

Fourth, Hawaii has a "strong interest in providing an effective means of redress for its residents who are tortiously injured." Resnick v. Rowe, 283 F. Supp. 2d 1128, 1141 (D. Haw. 2003) (quoting Miracle v. N.Y.P. Holdings, Inc., 87 F. Supp. 2d 1060, 1070 (D. Haw. 2000)). Because Plaintiff is a Hawaii resident, this factor weighs in favor of finding jurisdiction.

Fifth, the most efficient judicial resolution is based on the location of the evidence and witnesses. Panavision Int'l, 141 F.3d at 1323-24. However, this factor is "no longer weighted heavily given the modern advances in communication and transportation." Id. at 1323 (citing Caruth, 59 F.3d at 129). Because the evidence and witnesses are located in Hawaii and Nevada, this factor is neutral.

Sixth, although it would be more costly and inconvenient for Plaintiff to litigate in another forum, this factor is given little weight. See id. at 1324 ("In evaluating the convenience and effectiveness of relief for the plaintiff, we have given little weight to the plaintiff's inconvenience." (citing Ziegler, 64 F.3d at 476)). This factor is neutral.

Seventh, regarding the availability of an alternative forum, the plaintiff has the burden of establishing that an alternative is not available. Ziegler v. Indian River Cnty., 64 F.3d at 476. Plaintiff has not demonstrated the unavailability

of an alternative forum.  However, because Defendant has not come forward to request an alternative forum, this factor is neutral.

Balancing these seven factors, the Court concludes that the exercise of specific personal jurisdiction over Mr. Kmiec is reasonable.  Therefore, the Court FINDS that personal jurisdiction over Mr. Kmiec is proper.

### B.  **Eitel Factors**

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above.

### 1.  **The Possibility of Prejudice to Plaintiff**

The first factor considers whether Plaintiff would suffer prejudice if default judgment is not entered.  See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, absent entry of default judgment, Plaintiff would be without another recourse for recovery.  Accordingly, the first Eitel factor favors default judgment.

### 2.  **Merits of Plaintiff's Substantive Claims**

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default.  See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906.  Here, Plaintiff seeks default judgment against Mr. Kmiec for the defamation claim only.  See ECF No. 27-1 at 1. To state a claim for defamation under Hawaii law, Plaintiff must

allege: "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher . . . and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." <u>Wilson v. Freitas</u>, 214 P.3d 1110, 1118 (Haw. Ct. App. 2009).

As to the first three elements, Plaintiff alleges that Mr. Kmiec knew the statements in the website about Plaintiff were false, and that he intentionally and maliciously published them to third parties over the internet without Plaintiff's permission. ECF No. 15 ¶¶ 17-19. Specifically, Plaintiff alleges that the website contained the following false statements:

> (1) that Plaintiff is a 'sexual deviant;' (2) that Plaintiff has '2 convictions for sodomy [sic] in the second degree;' (3) that Plaintiff is 'a Palestinian illegal alien;' (4) that Plaintiff 'has been convicted of several sexual crimes;' (5) that Plaintiff is 'a homosexual predator;' (6) that Plaintiff 'has used the date rape drug GHB to render his male employees helpless then while this victims are incoherent firmly press [sic] his genitalia on them;' (7) that Plaintiff is a 'dangerous predator;' and (8) that Plaintiff 'is scamming tourist to fund his perversion.'

<u>Id.</u> ¶ 8. Plaintiff alleges that Mr. Kmiec also falsely stated on the website that Plaintiff has been scamming consumers for years, stole millions of dollars from vacationers, that Plaintiff stole

15

from an employee, and that Plaintiff told an employee to "let me touch you" in order to "go far" in Plaintiff's company.  Id. ¶¶ 11-15.  These allegations establish the first three elements of Plaintiff's defamation claim.

As to actionability, Plaintiff argues that his claim is actionable without requiring proof of special damages because the statements are defamatory per se.  ECF No. 27-1 at 13.  Under Hawaii law, defamation per se includes statements that "impute to a person the commission of a crime" and statements that "have a tendency to injure him in his office, profession, calling or trade."  Partington v. Bugliosi, 825 F. Supp. 906, 915 (D. Haw. 1993) (citing Butler v. United States, 365 F. Supp. 1035, 1044 (D. Haw. 1973)).  If the statements are not per se defamatory, "the court must consider the additional question of whether [Plaintiff] has adequately plead special damages."  Id.

The Court finds that Plaintiff has sufficiently pled defamation per se because the statements made by Mr. Kmiec impute Plaintiff with the commission of crimes.  Specifically, Defendant stated that Plaintiff is an "illegal alien," that Plaintiff "has been convicted of several sexual crimes," and that Plaintiff "has used the date rape drug GHB" to sexually assault employees.  ECF No. 15 ¶ 8.  Additionally, Mr. Kmiec made statements that concern Plaintiff's ability to conduct his business, including that through his tourism business, Plaintiff was "scamming tourists," "stole millions of dollars from vacationers," and "stole from an

16

employee." Id. ¶¶ 11–16.  These statements impugn Plaintiff's
business reputation.  Because the Court finds that Plaintiff's
allegations are sufficient to establish that he is entitled to
judgment against Mr. Kmiec for defamation per se, the Court need
not examine whether Plaintiff has sufficiently pled special
damages.  This factor weighs in favor of default judgment because
the allegations in the First Amended Complaint, taken as true,
are sufficient to establish Plaintiff's claim for defamation per
se.

### 3.   Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled
and supported by the documents filed with the Motion.  The Court
finds that the sufficiency of the Complaint weighs in favor of
default judgment.

### 4.   Sum of Money at Stake

The Court "must consider the amount of money at stake
in relation to the seriousness of Defendant's conduct." PepsiCo,
Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472).
Plaintiff seeks $100 in nominal damages, $140,000 in compensatory
damages, and $1,280,000 in punitive damages.  ECF No. 27-1 at 15.
Although, as discussed below, the Court finds that Plaintiff has
not carried his burden regarding nominal, special, and punitive
damages, Plaintiff is entitled to general damages based on Mr.
Kmiec's conduct.  The Court finds that this factor weighs in

favor default judgment.

**5.  Possibility of Dispute Concerning Material Facts**

As noted above, the well-pled factual allegations of the Complaint, except those relating to the amount of damages, will be taken as true.  _See_ _Fair Hous. of Marin_, 285 F.3d at 906; _TeleVideo Sys., Inc._, 826 F.2d at 917-18.  Mr. Kmiec has been given a fair opportunity to defend this action and has not done so.  Because no dispute has been raised regarding Plaintiff's material factual allegations, this factor favors default judgment.

**6.  Whether Default was Due to Excusable Neglect**

The Court finds that Mr. Kmiec's default was not the result of excusable neglect.  Mr. Kmiec failed to defend this action and default was entered against him.  _See_ ECF No. 20.  The record suggests that the default was not the result of any excusable neglect, but rather due to Mr. Kmiec's conscious and willful decision not to defend this action.  Consequently, this factor favors default judgment.

**7.  Policy Favoring Decisions on the Merits**

Mr. Kmiec's default makes a decision on the merits impractical, if not impossible.  Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." _PepsiCo., Inc._, 238 F. Supp. 2d at 1177; _see_ _also_ _Philip Morris USA, Inc. v. Castworld Prods., Inc._,

219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh <u>Eitel</u> factor is not alone dispositive").  Here, Mr. Kmiec failed to defend this action and consequently rendered adjudication on the merits before this Court impracticable.  This factor does not preclude the Court from entering default judgment against Defendants.

### 8.    Totality of <u>Eitel</u> Factors

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiff's favor and against Mr. Kmiec.

### C. Remedies

Although Mr. Kmiec's default establishes his liability, it does not establish the amount of damages or other relief to which Plaintiff is entitled.  <u>See</u> <u>Fair Hous. of Marin</u>, 285 F.3d at 906.  "In determining damages, the court can rely on the declarations submitted by the plaintiff."  <u>Philip Morris</u>, 219 F.R.D. at 498.  Plaintiff must provide evidence of its damages, and the damages "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).  Plaintiff requests that the Court award nominal damages, compensatory damages, punitive damages, and attorneys' fees and costs.  <u>See</u> ECF No. 27-1 at 15-16.

### 1. Nominal Damages

Plaintiff seeks $100 in nominal damages.  ECF No. 27-1

at 15.  "[N]ominal damages are awarded to vindicate rights, the infringement of which has not caused actual, provable injury." Cummings v. Connell, 402 F.3d 936, 942 (9th Cir. 2005), amended, No. 03-17095, 2005 WL 1154321 (9th Cir. May 17, 2005).  As discussed below, general damages are appropriate to compensate Plaintiff for his loss in this case.  Therefore, the Court FINDS that an award of nominal damages is not appropriate.

### 2. Compensatory Damages

Plaintiff contends he has suffered special damages because "[o]ver $140,000 has been invested in the business enterprise" of Waikiki Segway, LLC but that the defamatory website "resulted in Segway's termination of its relationship with [Waikiki Segway, LLC]."  ECF No. 27-1 at 15.

A "plaintiff must provide evidence to support a claim for a particular sum of damages." Nw. Adm'rs, Inc. v. Uzunov Trucking, LLC, No. C09-1229RAJ, 2010 WL 933873, at *1 (W.D. Wash. Mar. 11, 2010) (citing TeleVideo Sys., 826 F.2d at 917-18; Fed. R. Civ. P. 55(b)(2)(C)).  Plaintiff has not provided sufficient evidence to establish that he suffered $140,000 in special damages.  Plaintiff's declaration states only that Waikiki Segway, LLC "expended $45,000 to purchase Segway equipment" and "amounts in excess of $100,000 in securing facilities of operation and payroll, all in reliance on a long term relationship with Segway," but that Segway ended the relationship in January 2017.  ECF No. 27-3 ¶¶ 24-25.  This suit was not

initiated on behalf of Waikiki Segway, LLC, and although
Plaintiff is one of its members, Plaintiff provides no
explanation or authority in support of his contention that he is
entitled to recover for Waikiki Segway, LLC's investment.
Furthermore, Plaintiff's declaration does not explain how much of
the investment, if any, came from Plaintiff directly, when the
investment was made, how long Waikiki Segway, LLC had been in
operation, how much of the investment had been recovered prior to
the termination of the relationship with Segway, and whether
Plaintiff attempted to mitigate the losses.  Plaintiff has not
provided any evidence of the investment in Waikiki Segway, LLC
that would allow the Court to derive this information.  Cf.,
e.g., McMillan Data Commc'ns, Inc. v. AmeriCom Automation Servs.,
Inc., No. 14-CV-03127-JD, 2015 WL 4380965, at *12 (N.D. Cal. July
16, 2015) (where default judgment in a contract suit was
appropriate, finding that by "providing the [] subcontract
agreement, as well as evidence of invoices detailing the unpaid
amounts, [the plainitff] has sufficiently proven its actual
damages").  Therefore, Plaintiff has not provided sufficient
evidence to establish that he is entitled to recover special
damages.

Instead, the Court finds that an award of general
damages is appropriate.  As discussed, Plaintiff has established
defamation per se.  Under Hawaii law, if a writing is defamatory
per se, a plaintiff's injury is presumed and the plaintiff can

recover damages without needing to allege and prove special damages. Partington, 825 F.Supp. at 915 (noting that if a writing is defamatory per se, it is actionable without allegation of special damages); Kahanamoku v. Advertiser Pub. Co., 25 Haw. 701 (1920) (explaining that if a plaintiff establishes libel per se, "injury to the plaintiff will be presumed and special damages need not be alleged or proven, but general and punitive damages may be recovered."). With this presumption in mind, the Court FINDS that $10,000 in general damages is appropriate. See, e.g., RKM Int'l Ltd. v. Fujita, No. CIV. 14-00539 JMS, 2015 WL 2451187, at *8 (D. Haw. Apr. 29, 2015), adopted by, No. CIV. 14-00539 JMS, 2015 WL 3369472 (D. Haw. May 22, 2015) (finding an award of $10,000 in general damages appropriate for a website that defamed a corporate plaintiff).

### 3. Punitive Damages

Plaintiff seeks punitive damages of twice the amount of Waikiki Seaway, LLC's investment, or $280,000. ECF No. 27-1 at 15. Plaintiff seeks an additional $1 million in punitive damages based on Mr. Daniels's financial condition. ECF NO. 27-1 at 15-16.

Under Hawaii law, punitive damages are "assessed in addition to compensatory damages for the purpose of punishing the defendant for aggravated or outrageous misconduct and to deter the defendant and others from similar conduct in the future." Masaki v. Gen. Motors Corp., 780 P.2d 566, 570 (Haw. 1989). To

warrant punitive damages, Plaintiff "must prove by clear and convincing evidence that the defendant has acted wantonly or oppressively or with such malice as implies a spirit of mischief or criminal indifference to civil obligations, or where there has been some wilful misconduct or that entire want of care which would raise the presumption of a conscious indifference to consequences." Ass'n of Apt. Owners v. Venture 15, Inc., 167 P.3d 225, 290 (Haw. 2007) (quoting Masaki, 780 P.2d at 570). "[T]o justify an award of punitive damages, a positive element of conscious wrongdoing is always required. . . . Something more than the mere commission of a tort is always required for punitive damages." Valvanis v. Milgroom, No. CIV.06-00144JMS-KSC, 2009 WL 1561575, at *16 (D. Haw. June 1, 2009); see also Alutiiq Int'l Sols., LLC v. OIC Marianas Ins. Corp., 149 F. Supp. 3d 1208, 1215 (D. Nev. 2016) ("When punitive damages are sought by default judgment, the court must have independent evidence to support the award because punitive-damages-worthy conduct alleged in a complaint is not regarded as admitted by default."). Here, Plaintiff has not provided evidence of Mr. Kmiec's financial condition, his mental state, or his relative degree of culpability in creating the defamatory websites. Therefore, the Court FINDS that Plaintiff has not provided sufficient evidence to support an award of punitive damages.

### 4. Attorneys' Fees and Costs

Plaintiff seeks an award of attorneys' fees and costs and requests leave to file a declaration of his expenses. ECF No. 27-1 at 15. First, regarding attorneys' fees, federal courts sitting in diversity jurisdiction, such as this one, apply state law to determine whether attorneys' fees can be awarded. Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000). Hawaii law provides that "a prevailing party generally may not recover attorneys' fees and costs for an action brought under common law tort theories." Krog v. Koahou, 324 P.3d 996 (Haw. 2014). Plaintiff's suit alleges the tort claim of defamation, and Plaintiff has not identified any grounds supporting an award of attorneys' fees. See Fed. R. Civ. P. 54(d)(2)(B)(ii) (requiring the party seeking attorneys' fees to specify "the statute, rule, or other grounds entitling the movant to the award."). Accordingly, the Court FINDS that Plaintiff is not entitled to an award of attorneys' fees in this case.

Second, regarding costs, Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 54.2(a) of the United States District Court for the District of Hawaii provide that the prevailing party in whose favor judgment is entered is entitled to costs. See Fed. R. Civ. P. 54(d)(1); LR 54.2(a). Plaintiff may file a bill of costs pursuant to Local Rule 54.2 after judgment is entered.

/ / /

<u>CONCLUSION</u>

The Court FINDS and RECOMMENDS that Plaintiff's Motion for Default Judgment as to Count I of the First Amended Complaint be GRANTED IN PART and DENIED IN PART as follows:

(1) Default judgment be DENIED against Defendant Ari Daniels;

(2) The entry of default against Defendant Ari Daniels be VACATED;

(3) Default judgment be GRANTED in Plaintiff's favor and against Defendant Jerry Kmiec as to Plaintiff's claim for defamation;

(4) Plaintiff be awarded general damages in the amount of $10,000 against Defendant Jerry Kmiec;

(5) Plaintiff's requests for nominal damages, special damages, punitive damages, and attorneys' fees be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JUNE 23, 2017.

Richard L. Puglisi
United States Magistrate Judge

<u>ISAAM ISAAC V. ARI DANIELS, JERRY KMIEC, AND DOE DEFENDANTS 3-1</u>; CIVIL NO. 16-00507 DKW-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO COUNT I OF THE FIRST AMENDED COMPLAINT