IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ISAAM ISAAC, | ) CIVIL NO. 16-00507 DKW-RLP |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO |
| | ) GRANT IN PART AND DENY IN PART |
| vs. | ) PLAINTIFF'S MOTION FOR DEFAULT |
| | ) JUDGMENT AGAINST DEFENDANT ARI |
| ARI DANIELS, JERRY KMIEC, AND | ) DANIELS AS TO COUNT I OF THE |
| DOE DEFENDANTS 3-10, | ) FIRST AMENDED COMPLAINT |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN
PART  PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT
ARI DANIELS AS TO COUNT I OF THE FIRST AMENDED COMPLAINT[1]

Before the Court is Plaintiff's Motion for Default

Judgment Against Defendant Ari Daniels as to Count I of the First

Amended Complaint, filed on March 16, 2018 ("Motion").  ECF No.

53.  The Court found the Motion suitable for disposition without

a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice

of the United States District Court for the District of Hawaii.

ECF No. 54.  After careful consideration of the Motion, the

declarations, exhibits, and the record established in this

action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED

IN PART AND DENIED IN PART.

_____

[1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1), file written objections in the United
States District Court.  A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

BACKGROUND

In his First Amended Complaint, Plaintiff alleges that in August 2016, Defendant Ari Daniels and others created a website that contained a number of false statements about Plaintiff, Plaintiff's businesses, and the company that Plaintiff's businesses contracted with. ECF No. 15 ¶¶ 7-15. The website stated that Plaintiff committed a number of crimes, that Plaintiff was residing illegally in the United States, and that Plaintiff's businesses were scamming tourists. Id. It included a map pinpointing Plaintiff's residence and an image of Plaintiff's Hawaii driver's license. Id. ¶ 14. Defendant Daniels knew that the statements published in the website were false. Id. ¶ 17. Plaintiff alleges that he has been injured by the false statements. Id. ¶ 18.

Plaintiff asserted claims against Defendant Daniels and others for defamation, extortion, negligent infliction of emotional distress, and intentional infliction of emotional distress. Id. On July 11, 2017, the court adopted the recommendations of this Court to grant default judgment against Defendant Jerry Kmiec as to Plaintiff's claim for defamation and awarded general damages in the amount of $10,000. ECF Nos. 31, 33. The court also adopted the recommendation of this Court to deny Plaintiff's request for default judgment against Defendant Daniels because Plaintiff had failed to demonstrate proper service. Id.

2

Following the court's order, Plaintiff obtained leave of court to attempt to serve Defendant Daniels by certified mail. ECF No. 38.  After Plaintiff's attempt to serve by certified mail failed, Plaintiff then obtained leave of court to serve Defendant Daniels by publication.  See ECF No. 40.  Plaintiff filed a Affidavit of Publication on November 24, 2017, stating that notice had been published for four consecutive weeks in the Honolulu Star-Advertiser.  ECF No. 43.  Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk entered default against Defendant Daniels on December 19, 2017.  ECF No. 46. Plaintiff then filed the instant Motion, seeking default judgment against Defendant Daniels on Plaintiff's claim for defamation.

## DISCUSSION

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]"  Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court.  Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right.  Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991).  Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible.  Eitel v. McCool, 782 F.2d 1470, 1472 (9th

3

Cir. 1986).  The court should consider the following factors in deciding whether to grant a motion for default judgment:

> (1)  the possibility of prejudice to the plaintiff;
>
> (2)  the merits of plaintiff's substantive claim;
>
> (3)  the sufficiency of the complaint;
>
> (4)  the sum of money at stake in the action;
>
> (5)  the possibility of a dispute concerning material facts;
>
> (6)  whether the default was due to excusable neglect; and
>
> (7)  the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id. at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).  The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which it is entitled.  Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir.

1978)).

## A.   Jurisdiction

The Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over defendant.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

### 1. Subject Matter Jurisdiction

Plaintiff is a resident of Honolulu, Hawaii.  ECF No. 15 ¶ 1.  Defendant Daniels is a resident of Nevada.  Id. ¶ 2. Plaintiff sought damages in excess of $75,000.  Id. ¶ 5.  Because Plaintiff and Defendant are residents of different states and the amount in controversy exceeds $75,000, the Court has diversity jurisdiction over this matter.  See 28 U.S.C. § 1332(a)(1).

### 2. Personal Jurisdiction

Personal jurisdiction is proper if it is consistent with Hawaii's long-arm statute and it comports with due process of law.  Boschetto v. Hansing, 539 F.3d 1011, 1021–22 (9th Cir. 2008).  Because Hawaii's long-arm statute reaches to the full extent permitted by the United States Constitution, the Court need only determine whether due process permits the exercise of personal jurisdiction.  Television Events & Mktg., Inc. v. Amcon

5

Distrib. Co., 416 F. Supp. 2d 948, 958 (D. Haw. 2006) (citing Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800–01 (9th Cir. 2004)); Haw. Rev. Stat. § 634–35.  Under the Federal Rules of Civil Procedure, service of process is sufficient if it complies with state law for serving a summons in the state where the district court is located.  Fed. R. Civ. P. 4(e)(1).  Hawaii law permits service of summons by publication, when personal service and service by certified mail has failed, when the defendant resides outside of Hawaii, and only when authorized by a court order.  See Haw. Rev. Stat. §§ 634-23, 634-24;

For due process to be satisfied, a defendant must have "minimum contacts" with the forum state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice."  Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006) (citing Int'l Shoe Co. v. Wash., 326 U.S. 310, 315 (1945)).  Here, the Court must determine whether it has specific jurisdiction over Defendant Daniels.  Specific jurisdiction exists if (a) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum; (b) the claim arises out of or results from the defendant's forum related activities; and (c) the exercise of jurisdiction is reasonable.  Boschetto, 539 F.3d at 1021.

### a. Purposeful Availment

First, the purposeful availment requirement is satisfied if the defendant "has taken deliberate action" toward the forum state. Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998) (citing Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995)). It is not required that a defendant have physical contacts with the forum, so long as his efforts are "purposefully directed" toward forum residents. Id. The purposeful availment requirement can be satisfied by the "effects doctrine." Id. at 1321. Under this doctrine, a court has personal jursidciton over the defendant if the defendant: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir. 2006) (quoting Schwarzenegger, 374 F.3d at 803) (internal quotations omitted)).

Here, Plaintiff asserts that Defendant Daniels intentionally created a defamatory website about Plaintiff's Hawaii business, which harmed Plaintiff in Hawaii. ECF No. 15 ¶¶ 11-17. The website expressly references Hawaii and includes a map pinpointing Plaintiff's residence in Hawaii and an image of Plaintiff's Hawaii driver's license. See id. Plaintiff contends that he suffered harm in Hawaii, which was Defendant

Daniels' intention.  ECF No. 15 ¶¶ 17–19.  The Court concludes
that Defendant Daniels' contacts with Hawaii are sufficient to
show purposeful availment under the effects doctrine.

### b.    Claims Arise Out of Forum-Related Activities

Second, for specific personal jurisdiction, the claim
asserted in the litigation must arise out of the defendant's
forum-related activities.  <u>Panavision, Int'l</u>, 141 F.3d at 1322
(citing <u>Ziegler v. Indian River Cnty.</u>, 64 F.3d 470, 474 (1995)).
Plaintiff must show that he would not have been injured "but for"
Defendant's conduct directed toward forum.  <u>Id.</u>  Here, as noted
above, Defendant Daniels' contact with Hawaii is the creation of
a defamatory website directed to Plaintiff's potential customers
in Hawaii.  If not for Defendant Daniels' conduct, Plaintiff
would not have been injured.  Accordingly, the Court concludes
that the second requirement for specific personal jurisdiction is
met.

### c. Reasonableness of Exercise of Jurisdiction

Finally, to satisfy due process, the exercise of
personal jurisdiction must be reasonable.  <u>Id.</u> (citing <u>Ziegler</u>,
64 F.3d at 474–75).  For jurisdiction to be reasonable, it must
comport with "fair play and substantial justice."  <u>Id.</u> (quoting
<u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 476–77 (1985)).
Where, such as here, a defendant purposefully avails himself of
the forum state, jurisdiction is presumed to be reasonable, and

the presumption "can only be overcome by a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 128 (9th Cir. 1995).

To determine reasonableness, the Court must balance seven factors:  (1) the extent of a defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.  Core-Vent Corp., 11 F.3d at 1487–88 (citing Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K., 757 F.2d 1058, 1065 (9th Cir. 1985)).  Here, these factors weigh in favor of finding that the exercise of jurisdiction over Defendant Daniels comports with the notions of fair play and substantial justice.

First, the degree of Defendant Daniels' interjection weighs in favor of finding jurisdiction.  Defendant Daniels' acts were aimed at Plaintiff in Hawaii.  Defendant Daniels created a defamatory website about Plaintiff's business in Hawaii, intending to harm Plaintiff in Hawaii.  Therefore, the extent of Defendant Daniels' purposeful injection into Hawaii affairs

9

weighs in favor of the Court's exercise of personal jurisdiction.

Second, the burden on an out-of-state defendant to litigate in the Plaintiff's chosen forum "necessarily weighs against the exercise of specific personal jurisdiction." Moore v. Gulf Atl. Packaging Corp., No. 3:16-CV-886-PK, 2016 WL 8231142, at *9 (D. Or. Nov. 29, 2016), adopted by, No. 3:16-CV-00886-PK, 2017 WL 540051 (D. Or. Feb. 9, 2017). Here, Defendant Daniels lives in Nevada and would be inconvenienced at having to defend this action in Hawaii. However, the inconvenience is not so great as to deprive him of due process, particularly given his purposeful availment to the forum. See Panavision Int'l, 141 F.3d at 1323 (quoting Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 128-29 (9th Cir. 1995) ("A defendant's burden in litigating in the forum is a factor in the assessment of reasonableness, but unless the 'inconvenience is so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction.'")).

Third, the sovereignty factor concerns the extent to which the court's exercise of jurisdiction in Hawaii would conflict with the sovereignty of Nevada. See Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd., 328 F.3d 1122, 1133 (9th Cir. 2003); Core-Vent Corp., 11 F.3d at 1489. However, "sovereignty of the defendant's state is not a significant

10

consideration in actions between citizens of the United States."
Robinson Corp. v. Auto-Owners Ins. Co., 304 F. Supp. 2d 1232,
1241 (D. Haw. 2003) (citing Decker Coal Co. v. Commonwealth
Edison Co., 805 F.2d 834, 841 (9th Cir. 1986)); see also Brand v.
Menlove Dodge, 796 F.2d 1070, 1076 n.5 (9th Cir. 1986) (stating
that "conflicting policies between states are settled through
choice of law analysis, not through loss of jurisdiction").  The
sovereignty factor is neutral.

     Fourth, Hawaii has a "strong interest in providing an
effective means of redress for its residents who are tortiously
injured."  Resnick v. Rowe, 283 F. Supp. 2d 1128, 1141 (D. Haw.
2003) (quoting Miracle v. N.Y.P. Holdings, Inc., 87 F. Supp. 2d
1060, 1070 (D. Haw. 2000)).  Because Plaintiff is a Hawaii
resident, this factor weighs in favor of finding jurisdiction.

     Fifth, the most efficient judicial resolution is based
on the location of the evidence and witnesses.  Panavision Int'l,
141 F.3d at 1323-24.  However, this factor is "no longer weighted
heavily given the modern advances in communication and
transportation."  Id. at 1323 (citing Caruth, 59 F.3d at 129).
Because the evidence and witnesses are located in Hawaii and
Nevada, this factor is neutral.

     Sixth, although it would be more costly and
inconvenient for Plaintiff to litigate in another forum, this
factor is given little weight.  See id. at 1324 ("In evaluating

11

the convenience and effectiveness of relief for the plaintiff, we have given little weight to the plaintiff's inconvenience." (citing <u>Ziegler</u>, 64 F.3d at 476)).  This factor is neutral.

Seventh, regarding the availability of an alternative forum, the plaintiff has the burden of establishing that an alternative is not available.  <u>Ziegler v. Indian River Cnty.</u>, 64 F.3d at 476.  Plaintiff has not demonstrated the unavailability of an alternative forum.  However, because Defendant Daniels has not come forward to request an alternative forum, this factor is neutral.

Balancing these seven factors, the Court concludes that the exercise of specific personal jurisdiction over Defendant Daniels is reasonable.  Therefore, the Court FINDS that personal jurisdiction over Defendant Daniels is proper.

**B.   <u>Eitel</u> Factors**

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the <u>Eitel</u> factors outlined above.

**1.   The Possibility of Prejudice to Plaintiff**

The first factor considers whether Plaintiff would suffer prejudice if default judgment is not entered.  <u>See</u> <u>PepsiCo, Inc. v. Cal. Sec. Cans</u>, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, absent entry of default judgment, Plaintiff would be without another recourse for recovery.  Accordingly, the

12

first <u>Eitel</u> factor favors default judgment.

### 2.   Merits of Plaintiff's Substantive Claims

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default.  <u>See</u> <u>TeleVideo Sys., Inc.</u>, 826 F.2d at 917-18; <u>Fair Hous. of Marin</u>, 285 F.3d at 906.  Here, Plaintiff seeks default judgment against Defendant Daniels for the defamation claim only.  <u>See</u> ECF No. 27-1 at 1.  To state a claim for defamation under Hawaii law, Plaintiff must allege: "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher  . . . and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." <u>Wilson v. Freitas</u>, 214 P.3d 1110, 1118 (Haw. Ct. App. 2009).

As to the first three elements, Plaintiff alleges that Defendant Daniels knew the statements in the website about Plaintiff were false, and that he intentionally and maliciously published them to third parties over the internet without Plaintiff's permission.  ECF No. 15 ¶¶ 17-19.  Specifically, Plaintiff alleges that the website contained the following false statements:

> (1) that Plaintiff is a 'sexual deviant;' (2) that Plaintiff has '2 convictions for sodomy [sic] in the second degree;' (3) that

13

> Plaintiff is 'a Palestinian illegal alien;'
> (4) that Plaintiff 'has been convicted of
> several sexual crimes;' (5) that Plaintiff is
> 'a homosexual predator;' (6) that Plaintiff
> 'has used the date rape drug GHB to render his
> male employees helpless then while this
> victims are incoherent firmly press [sic] his
> genitalia on them;' (7) that Plaintiff is a
> 'dangerous predator;' and (8) that Plaintiff
> 'is scamming tourist to fund his perversion.'

Id. ¶ 8. Plaintiff alleges that Defendant Daniels also falsely stated on the website that Plaintiff has been scamming consumers for years, stole millions of dollars from vacationers, that Plaintiff stole from an employee, and that Plaintiff told an employee to "let me touch you" in order to "go far" in Plaintiff's company. Id. ¶¶ 11-15. These allegations establish the first three elements of Plaintiff's defamation claim.

As to actionability, Plaintiff argues that his claim is actionable without requiring proof of special damages because the statements are defamatory per se. ECF No. 53-1 at 14-15. Under Hawaii law, defamation per se includes statements that "impute to a person the commission of a crime" and statements that "have a tendency to injure him in his office, profession, calling or trade." Partington v. Bugliosi, 825 F. Supp. 906, 915 (D. Haw. 1993) (citing Butler v. United States, 365 F. Supp. 1035, 1044 (D. Haw. 1973)). If the statements are not per se defamatory, "the court must consider the additional question of whether [Plaintiff] has adequately plead special damages." Id. The

14

Court finds that Plaintiff has sufficiently pled defamation per se because the statements made by Defendant Daniels impute Plaintiff with the commission of crimes.  Specifically, Defendant Daniels stated that Plaintiff is an "illegal alien," that Plaintiff "has been convicted of several sexual crimes," and that Plaintiff "has used the date rape drug GHB" to sexually assault employees.  ECF No. 15 ¶ 8.  Additionally, Defendant Daniels made statements that concern Plaintiff's ability to conduct his business, including that through his tourism business, Plaintiff was "scamming tourists," "stole millions of dollars from vacationers," and "stole from an employee."  Id. ¶¶ 11-16.  These statements impugn Plaintiff's business reputation.  Because the Court finds that Plaintiff's allegations are sufficient to establish that he is entitled to judgment against Defendant Daniels for defamation per se, the Court need not examine whether Plaintiff has sufficiently pled special damages.  This factor weighs in favor of default judgment because the allegations in the First Amended Complaint, taken as true, are sufficient to establish Plaintiff's claim for defamation per se.

**3.    Sufficiency of the Complaint**

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Motion.  The Court finds that the sufficiency of the Complaint weighs in favor of default judgment.

15

**4.   Sum of Money at Stake**

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Plaintiff seeks $100 in nominal damages, $140,000 in compensatory damages, and $1,000,000 in punitive damages.  ECF No. 53-1 at 15-16.  Although, as discussed below, the Court finds that Plaintiff has not carried his burden regarding nominal, special, and punitive damages, Plaintiff is entitled to general damages based on Defendant Daniels' conduct.  The Court finds that this factor weighs in favor of default judgment.

**5.   Possibility of Dispute Concerning Material Facts**

As noted above, the well-pled factual allegations of the Complaint, except those relating to the amount of damages, will be taken as true.  See Fair Hous. of Marin, 285 F.3d at 906; TeleVideo Sys., Inc., 826 F.2d at 917-18.  Defendant Daniels has been given a fair opportunity to defend this action and has not done so.  Because no dispute has been raised regarding Plaintiff's material factual allegations, this factor favors default judgment.

**6.   Whether Default was Due to Excusable Neglect**

The Court finds that Defendant Daniels' default was not the result of excusable neglect.  Defendant Daniels failed to defend this action and default was entered against him.  See ECF

16

No. 46.  The record suggests that the default was not the result of any excusable neglect, but rather due to Defendant Daniels' conscious and willful decision not to defend this action. Consequently, this factor favors default judgment.

### 7.   Policy Favoring Decisions on the Merits

Defendant Daniels' default makes a decision on the merits impractical, if not impossible.  Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive").  Here, Defendant Daniels failed to defend this action and consequently rendered adjudication on the merits before this Court impracticable.  This factor does not preclude the Court from entering default judgment against Defendant Daniels.

### 8.   Totality of Eitel Factors

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiff's favor and against Defendant Daniels.

### C.   Remedies

Although Defendant Daniels' default establishes his liability, it does not establish the amount of damages or other

17

relief to which Plaintiff is entitled.  See Fair Hous. of Marin, 285 F.3d at 906.  "In determining damages, the court can rely on the declarations submitted by the plaintiff."  Philip Morris, 219 F.R.D. at 498.  Plaintiff must provide evidence of its damages, and the damages "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).  Plaintiff requests that the Court award nominal damages, compensatory damages, punitive damages, and attorneys' fees and costs.  See ECF No. 53-1 at 15-16.

### 1. Nominal Damages

Plaintiff seeks $100 in nominal damages.  ECF No. 27-1 at 15.  "[N]ominal damages are awarded to vindicate rights, the infringement of which has not caused actual, provable injury."  Cummings v. Connell, 402 F.3d 936, 942 (9th Cir. 2005), amended, No. 03-17095, 2005 WL 1154321 (9th Cir. May 17, 2005).  As discussed below, general damages are appropriate to compensate Plaintiff for his loss in this case.  Therefore, the Court FINDS that an award of nominal damages is not appropriate.

### 2. Compensatory Damages

Plaintiff contends he has suffered special damages because "[o]ver $140,000 has been invested in the business enterprise" of Waikiki Segway, LLC but that the defamatory website "resulted in Segway's termination of its relationship with [Waikiki Segway, LLC]."  ECF No. 53-1 at 15.

18

A "plaintiff must provide evidence to support a claim
for a particular sum of damages." <u>Nw. Adm'rs, Inc. v. Uzunov
Trucking, LLC</u>, No. C09-1229RAJ, 2010 WL 933873, at *1 (W.D. Wash.
Mar. 11, 2010) (citing <u>TeleVideo Sys.</u>, 826 F.2d at 917-18; Fed.
R. Civ. P. 55(b)(2)(C)).  Plaintiff has not provided sufficient
evidence to establish that he suffered $140,000 in special
damages.  Plaintiff's declaration states only that Waikiki
Segway, LLC "expended $45,000 to purchase Segway equipment" and
"amounts in excess of $100,000 in securing facilities of
operation and payroll, all in reliance on a long term
relationship with Segway," but that Segway ended the relationship
in January 2017.  ECF No. 53-18 ¶¶ 24-25.  This suit was not
initiated on behalf of Waikiki Segway, LLC, and although
Plaintiff is one of its members, Plaintiff provides no
explanation or authority in support of his contention that he is
entitled to recover for Waikiki Segway, LLC's investment.
Furthermore, Plaintiff's declaration does not explain how much of
the investment, if any, came from Plaintiff directly, when the
investment was made, how long Waikiki Segway, LLC had been in
operation, how much of the investment had been recovered prior to
the termination of the relationship with Segway, and whether
Plaintiff attempted to mitigate the losses.  Plaintiff has not
provided any evidence of the investment in Waikiki Segway, LLC
that would allow the Court to derive this information.  <u>Cf.</u>,

19

e.g., McMillan Data Commc'ns, Inc. v. AmeriCom Automation Servs.,
Inc., No. 14-CV-03127-JD, 2015 WL 4380965, at *12 (N.D. Cal. July
16, 2015) (where default judgment in a contract suit was
appropriate, finding that by "providing the [] subcontract
agreement, as well as evidence of invoices detailing the unpaid
amounts, [the plainitff] has sufficiently proven its actual
damages"). Therefore, Plaintiff has not provided sufficient
evidence to establish that he is entitled to recover special
damages.

Instead, the Court finds that an award of general
damages is appropriate. As discussed, Plaintiff has established
defamation per se. Under Hawaii law, if a writing is defamatory
per se, a plaintiff's injury is presumed and the plaintiff can
recover damages without needing to allege and prove special
damages. Partington, 825 F.Supp. at 915 (noting that if a
writing is defamatory per se, it is actionable without allegation
of special damages); Kahanamoku v. Advertiser Pub. Co., 25 Haw.
701 (1920) (explaining that if a plaintiff establishes libel per
se, "injury to the plaintiff will be presumed and special damages
need not be alleged or proven, but general and punitive damages
may be recovered."). With this presumption in mind, the Court
FINDS that $10,000 in general damages is appropriate. See, e.g.,
RKM Int'l Ltd. v. Fujita, No. CIV. 14-00539 JMS, 2015 WL 2451187,
at *8 (D. Haw. Apr. 29, 2015), adopted by, No. CIV. 14-00539 JMS,

20

2015 WL 3369472 (D. Haw. May 22, 2015) (finding an award of
$10,000 in general damages appropriate for a website that defamed
a corporate plaintiff).

### 3. Punitive Damages

Plaintiff seeks punitive damages of twice the amount of
Waikiki Seaway, LLC's investment, or $280,000.  ECF No. 27-1 at
15.  Plaintiff seeks an additional $1 million in punitive damages
based on "Daniels's entity's own factual allegation of the profit
it made" from a business relationship between two entities that
are not party to this action.  ECF No. 53-1 at 16-17.

Under Hawaii law, punitive damages are "assessed in
addition to compensatory damages for the purpose of punishing the
defendant for aggravated or outrageous misconduct and to deter
the defendant and others from similar conduct in the future."
Masaki v. Gen. Motors Corp., 780 P.2d 566, 570 (Haw. 1989).  To
warrant punitive damages, Plaintiff "must prove by clear and
convincing evidence that the defendant has acted wantonly or
oppressively or with such malice as implies a spirit of mischief
or criminal indifference to civil obligations, or where there has
been some wilful misconduct or that entire want of care which
would raise the presumption of a conscious indifference to
consequences."  Ass'n of Apt. Owners v. Venture 15, Inc., 167
P.3d 225, 290 (Haw. 2007) (quoting Masaki, 780 P.2d at 570).
"[T]o justify an award of punitive damages, a positive element of

21

conscious wrongdoing is always required. . . . Something more
than the mere commission of a tort is always required for
punitive damages." Valvanis v. Milgroom, No.
CIV.06-00144JMS-KSC, 2009 WL 1561575, at *16 (D. Haw. June 1,
2009); see also Alutiiq Int'l Sols., LLC v. OIC Marianas Ins.
Corp., 149 F. Supp. 3d 1208, 1215 (D. Nev. 2016) ("When punitive
damages are sought by default judgment, the court must have
independent evidence to support the award because
punitive-damages-worthy conduct alleged in a complaint is not
regarded as admitted by default."). Here, Plaintiff has not
provided evidence of Mr. Daniels' financial condition, his mental
state, or his relative degree of culpability in creating the
defamatory websites. Therefore, the Court FINDS that Plaintiff
has not provided sufficient evidence to support an award of
punitive damages.

### 4.  Attorneys' Fees and Costs

Plaintiff seeks an award of attorneys' fees and costs
and requests leave to file a declaration of his expenses. ECF
No. 27-1 at 15. First, regarding attorneys' fees, federal courts
sitting in diversity jurisdiction, such as this one, apply state
law to determine whether attorneys' fees can be awarded. Kona
Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir.
2000). Hawaii law provides that "a prevailing party generally
may not recover attorneys' fees and costs for an action brought

under common law tort theories." <u>Krog v. Koahou</u>, 324 P.3d 996
(Haw. 2014).  Plaintiff's suit alleges the tort claim of
defamation, and Plaintiff has not identified any grounds
supporting an award of attorneys' fees.  <u>See</u> Fed. R. Civ. P.
54(d)(2)(B)(ii) (requiring the party seeking attorneys' fees to
specify "the statute, rule, or other grounds entitling the movant
to the award.").  Accordingly, the Court FINDS that Plaintiff is
not entitled to an award of attorneys' fees in this case.

Second, regarding costs, Rule 54(d)(1) of the Federal
Rules of Civil Procedure and Local Rule 54.2(a) of the United
States District Court for the District of Hawaii provide that the
prevailing party in whose favor judgment is entered is entitled
to costs.  <u>See</u> Fed. R. Civ. P. 54(d)(1); LR 54.2(a).  Plaintiff
may file a bill of costs pursuant to Local Rule 54.2 after
judgment is entered.

<u>CONCLUSION</u>

The Court FINDS and RECOMMENDS that Plaintiff's Motion
for Default Judgment as to Count I of the First Amended Complaint
be GRANTED IN PART and DENIED IN PART as follows:

(1) Default judgment be GRANTED against Defendant Ari
Daniels as to Plaintiff's claim for defamation;

(2) Plaintiff be awarded general damages in the amount
of $10,000 against Defendant Ari Daniels;

(3) Plaintiff's requests for nominal damages, special

23

damages, punitive damages, and attorneys' fees be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MARCH 30, 2018.



_____
Richard L. Puglisi
United States Magistrate Judge

**ISAAC V. DANIELS, ET AL.; CIVIL NO. 16-00507 DKW-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ARI DANIELS AS TO COUNT I OF THE FIRST AMENDED COMPLAINT**